Ian Wallach, SBN 237849
 iwallach@wallachlegal.com
LAW OFFICES OF IAN WALLACH, PC
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Tel:  213.375.0000
Fax: 213.402.5516

Victor Sherman, SBN 38483
 ssvictor@aol.com
LAW OFFICES OF VICTOR SHERMAN
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Tel:  310.399.3259
Fax: 310.392.9029

*Attorneys for Plaintiff Christopher Hobbs,*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HOBBS,<br><br>          Plaintiff,<br><br>     v.<br><br>RANDALL DEVINE, *an individual*;<br><br>AND DOE DEFENDANTS 1-50,<br><br>          Defendants. | Case No. *unassigned*<br><br>COMPLAINT FOR MONEY DAMAGES<br><br>Federal Claims:<br>1.   FOURTH AND FOURTEENTH AMENDMENT RIGHT AGAINST MALICIOUS PROSECUTION;<br>2.   FOURTH AND FOURTEENTH AMENDMENT RIGHT AGAINST UNREASONABLE DETENTION AND FALSE ARREST;<br>State Law Claims<br>3.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>4.   LIBEL, SLANDER, AND DEFAMATION.<br><br>Jury Trial Demanded |

Plaintiff Christopher Hobbs, an individual (hereinafter referred to as "Plaintiff" or "Mr. Hobbs"), by and through his attorneys of record, the Law Offices of Ian Wallach, PC and the Law Offices of Victor Sherman, APC, brings his

Complaint for money damages against RANDALL DEVINE, and DOE DEFENDANTS 1-50, and alleges:

## I. THE PARTIES

1.    Plaintiff Christopher Hobbs is a resident of Malaysia and a citizen of the United States of America. Plaintiff brings this complaint for money damages for personal injuries suffered as a result of the negligent and wrongful acts and omissions of Defendant RANDALL DEVINE, a federal agent employed by the Federal Bureau of Investigation of the United States of America ("FBI), and DOE DEFENDANTS 1-50.

2.    Defendant RANDALL DEVINE is, upon information and belief, a resident of the State of California who was, at times relevant to this Complaint, an agent employed by the FBI and committed the acts complained of herein.

3.    The names and capacities of DOE DEFENDANTS 1-50, inclusive, are presently unknown to Plaintiff, who therefore sues these defendants by such fictitious names. DOE DEFENDANTS engaged in the acts complained of herein and the acts complained of resulting in Plaintiff's failure to ascertain their identities. Plaintiff will amend this complaint to allege their true names and capacities when same shall have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the respective injuries of Plaintiff as herein alleged, were proximately caused by the acts and/or omissions of said fictitiously named defendants.

## II. JURISDICTION

4.    The amount in controversy in this action exceeds $75,000 and the Plaintiff and Defendants reside in different states and/or countries.

5.    This action is brought, *inter alia*, under the Fourth and Fourteenth Amendments to the United States Constitution, and under Bivens v. Six Unknown

1  <u>Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.

2  2d 619 (1971), and, as to certain defendants, under both supplemental and diversity

3  jurisdiction. Subject matter jurisdiction is premised on 28 U.S.C. §§ 1331, 1332 and

4  1343; 28 U.S. Code § 1367, and the aforementioned statutory and Constitutional

5  provisions.

6        6.    The acts and omissions of which Plaintiff complains took place, in part,

7  in the State of California, and one of the Defendants (RANDALL DEVINE) resides

8  in this District. Accordingly, the law of the State of California controls this action

9  with respect to liability and damages. 28 U.S.C. §§ 1346(b)(1) and 2674.

10                              **III. VENUE**

11       7.    Venue is proper in the Central District of California, because many of

12 the acts and omissions complained of occurred in this district and, specifically, upon

13 information and belief, at the Federal Courthouse located at the Wilshire Federal

14 Building, 11000 Wilshire Blvd, Los Angeles, CA 90024, and because Defendant

15 Randall Devine, upon information and belief, resides in this District.

16             **IV. FACTS GIVING RISE TO THE COMPLAINT**

17       8.    On June 8, 2014, Plaintiff Christopher Hobbs was with his wife and

18 three year old child, in Pattaya City, Thailand, when he was arrested for allegedly

19 having sex with two minor children.  Plaintiff Hobbs was factually innocent.

20       9.    Plaintiff was subsequently prosecuted by the Royal Thai Police

21 ("RTP") for allegedly having sex with two minor children.

22       10.   Around the time of his arrest, Plaintiff was interviewed by Defendant

23 RANDALL DEVINE, who informed Plaintiff that he (Devine) had nothing to do

24 with Plaintiff's arrest, but was merely acting as a consultant to Plaintiff because

25 Plaintiff was an American citizen, and Defendant RANDALL DEVINE stated that

26 he was working with the American Embassy in Thailand to protect Plaintiff.

27

28

11. However, in April of 2016, Plaintiff learned that Defendant RANDALL DEVINE had orchestrated the arrest and both provided false information to the RTP and instructed the RTP to prosecute Plaintiff, and did so with the knowledge that Plaintiff was factually innocent as to the allegations against Plaintiff.

12. Moreover, Defendant RANDALL DEVINE and other defendants were aware that Plaintiff Hobbs was factually innocent of the alleged crimes for which Plaintiff was being prosecuted by the RTP, and aware that Defendant RANDALL DEVINE had provided false information and also instructed the RTP to prosecute Plaintiff.

13. Defendant RANDALL DEVINE and other defendants were aware the actual culprit (who had committed the crimes for which Plaintiff was prosecuted by the RTP) was Steven James Strike.

14. Steven James Strike was arrested and deported for prosecution in the United States.

15. Although Defendant RANDALL DEVINE and other defendants were aware that Steven James Strike had committed the crimes for which Plaintiff was being prosecuted by the RTP, Defendant RANDALL DEVINE and other defendants continued to provide false information to the RTP and continued to instruct the RTP to prosecute Plaintiff (because of the relationship between Defendant RANDALL DEVINE (as a federal agent of the United States of America) and other defendants and the RTP, Defendant RANDALL DEVINE and other defendants were aware that the RTP would act as instructed by Defendant RANDALL DEVINE and other defendants.

16. Plaintiff Hobbs was held for three days in a Thai Prison in Pattaya Soi 9.

17.     Defendants invited the local media to view the arrest and the interrogation by Defendant Devine and others, of Plaintiff Hobbs and, as a result, his image was broadcasted across all Thai national television and other media.

18.     Plaintiff has been cleared of any allegations of wrongdoing.  The RTP dropped the case against Plaintiff on August 22, 2016.  Both during and after his prosecution by the RTP, Plaintiff has devoted his life trying to understand what happened and why.

19.     In essence, Plaintiff has learned that Defendants, investigating Steven James Strike, located an address for Mr. Strike, who had rented a room from Daniel Clark, a business associate of Plaintiff, and wrongly presumed that Plaintiff Hobbs was Steven James Strike.

20.     What followed was horrific, unlawful, and profoundly unfair.

21.     Sometime between January 29, 2013 and April 11, 2013, a business van, registered to Plaintiff Hobbs, was near 345/20 Chalermprakiat 22, Pattaya City, Banglamung, Chon Buri, Thailand (the "345/20 address"), where a business existed operated by Daniel Clark, in which Plaintiff became a financial contributor. The van was a delivery vehicle for delivering juices to Pattaya bars, and was driven by Daniel Clark.

22.     Daniel Clark had rented the second floor of the 345/20 address to Steven James Strike on July 1, 2012, together with the use of an orange Honda motorcycle.

23.     Steven James Strike remained at this residence until his arrest on December 1, 2013.

24.     Defendants, including Defendant RANDALL DEVINE, were investigating allegations of sexual relations with children in Thailand. Defendants, including Defendant RANDALL DEVINE, directly or indirectly, solicited a minor

COMPLAINT FOR MONEY DAMAGES

of Thai descent (hereafter "Oley S."), a then fourteen year old boy, for the purpose of engaging in sexual relations with individuals suspected of such criminal activity.

25.     Upon information and belief, Defendants, including Defendant RANDALL DEVINE, directed Oley S. to leave the Anti Human Trafficking and Child Abuse Center ("ATCC") and locate Steven James Strike with the purpose of having sexual relations with Steven James Strike, and to report back to Defendants. Upon information and belief, this took place. At the direction of Defendants, including Defendant RANDALL DEVINE, a fourteen year old boy who obtained his meals from the Anti Human Trafficking and Child Abuse Center, engaged in sexual relations with Steven James Strike, a pedophile.

26.     It is against the laws of the United States and Thailand (and is *jus cogens* and against international law) to solicit sexual activity from a minor, for any purpose.

27.     Sometime between January 29, 2013 and April 11, 2013, Defendants, including Defendant RANDALL DEVINE, observed the orange motorcycle driven by Steven James Strike parked at the 345/20 address and the van driven by Daniel Clark parked nearby. Defendants, including Defendant RANDALL DEVINE, observed the van driven by Daniel Clark in the vicinity of the 345/20 address. Defendants learned that the van was registered to Plaintiff. Based solely on that connection, Defendants, including Defendant RANDALL DEVINE, presumed that Plaintiff lived at the 345/20 address and was the individual for whom Defendants, including Defendant RANDALL DEVINE, had procured sexual relations with a fourteen-year old boy.

28.     In fact, however, Defendants, including Defendant RANDALL DEVINE, had procured sexual relations for Steven James Strike, a pedophile.

29.   Defendants, including Defendant RANDALL DEVINE, obtained a photo of Plaintiff and presented it to Oley S. who did not identify Plaintiff as the individual with whom Oley S. had sexual relations.

30.   Upon information and belief, the United States Department of Homeland Security, Homeland Security Investigations ("DHI ICE") was working with the Federal Bureau of Investigations in Thailand in October, 2013.  Agents of DHI ICE were working with Defendants, including Defendant RANDALL DEVINE, on matters relating to international child sexual assault investigations, began looking for Steven James Strike in connection with an investigation into pedophelia which had occurred in Hawaii. Steven James Strike was located at the 345/20 address, where Defendants, including Defendant RANDALL DEVINE, and others had procured sexual relations from Oley S. with Steven James Strike.

31.   Upon information and belief, Defendants, including Defendant RANDALL DEVINE, became aware, at this time, that Steven James Strike was the individual for whom Defendants, including Defendant RANDALL DEVINE, had procured sexual relations from a fourteen year old Thai boy.

32.   Defendants, including Defendant RANDALL DEVINE, properly informed Thai Immigration Police that effectuated an arrest and subsequent deportation of Steven James Strike on December 12, 2013.

33.   That same day (December 12, 2013), armed with knowledge that Steven James Strike was the individual who had engaged in acts of pedophilia at the 345/20 address, Defendants, including Defendant RANDALL DEVINE, concealed the arrest and deportation of Steven James Strike from the Thai police and Defendants, including Defendant RANDALL DEVINE, falsely informed the Pattaya police that Plaintiff was the individual who had engaged in acts of pedophilia at the 345/20 address.  Defendants, including Defendant RANDALL DEVINE, also falsely alleged that the victim, Oley S., had identified the Plaintiff to

Defendants, including Defendant RANDALL DEVINE, twice in June 2013, when this never occurred.

34.     Upon information and belief, the decision to undertake this action was made by Defendants, including Defendant RANDALL DEVINE, to conceal their use and sexual exploitation of a minor in their entrapment scheme and subsequent investigative negligence when mistakenly identifying the Plaintiff as Strike.

35.     Defendants, including Defendant RANDALL DEVINE, colluded with Parison Noja -- a Thai informant for the FBI -- to procure false testimony from "Phil" -- a fourteen year old minor -- stating that Phil had sexual relations with Plaintiff.

36.     In a subsequent civil action in Thailand, Phil has testified that he never made such an allegation to anyone (American, Thai, or otherwise).

37.     Defendants, including Defendant RANDALL DEVINE, also colluded with Parison Noja to have Parison Noja falsely state that both Phil and Oley S. had identified Plaintiff as an individual with whom sexual relations occurred, when this identification never occurred.

38.     On May 2, 2014, Defendants, including Defendant RANDALL DEVINE, learned the Plaintiff's mobile phone number. On May 16, 2014, Defendants, including Defendant RANDALL DEVINE, travelled to Pattaya City, Thailand and contacted the Plaintiff and requested the Plaintiff to travel to Pattaya City.   Upon learning of the Plaintiff's association with a second address, Defendants, including Defendant RANDALL DEVINE, later cancelled the first arrest meeting in order to provide sufficient time to conduct further investigation of the Plaintiff.

39.     Defendants, including Defendant RANDALL DEVINE, directly or indirectly, colluded with Parison Noja -- a Thai informant for the FBI to plan and execute a break-in at the third floor residence of the Plaintiff's wife and son on May

1    29, 2013 to seek new evidence. The break-in at third floor at 111/243 Pattaya Tai

2    20, Pattaya 20 resulted in the theft of the Plaintiff's wife's tablet.

3        40.    Defendants, including Defendant RANDALL DEVINE, then

4    coordinated the arrest, interrogation, and publicity of Plaintiff's arrest.

5        41.    Defendants, including Defendant RANDALL DEVINE, travelled to

6    Pattaya City, Thailand on June 8, 2014 and interrogated Plaintiff at Banglamung

7    Police Station.  At that time, however, Defendants, including Defendant RANDALL

8    DEVINE, represented to Plaintiff that Defendants, including Defendant RANDALL

9    DEVINE, were not involved with the investigation or prosecution of Plaintiff at all,

10   but were merely consultants working with the United States Embassy to assist

11   American citizens who were being prosecuted by the RTP with legal issues.

12   However, upon information and belief, this representation was false, and

13   Defendants, including Defendant RANDALL DEVINE, were responsible for the

14   investigation and prosecution of Plaintiff by the RTP.

15       42.    In 2014, Defendant RANDALL DEVINE postponed taking a

16   confession of Steven James Strike to the RTP in order to suppress knowledge of

17   Defendant RANDALL DEVINE's improper accusations and misconduct related to

18   Plaintiff.

19       43.    On or about July 30, 2014, Defendants, including Defendant

20   RANDALL DEVINE, learned that Steven James Strike had issued a confession in

21   exchange for a tentative plea agreement. Defendants, including Defendant

22   RANDALL DEVINE, knew that this confession of Steven James Strike proved all

23   statements against Plaintiff at issue to be false (which could reveal the exploitation

24   of Oley S. and others by Defendants, including Defendant RANDALL DEVINE).

25       44.    Throughout 2014, and especially in July and August of 2014, Plaintiff

26   and Plaintiff's counsel were reaching out to Defendant RANDALL DEVINE for

27   assistance, and Defendant RANDALL DEVINE repeatedly stated he was unable to

28

COMPLAINT FOR MONEY DAMAGES

assist because the matter was not related to Defendant RANDALL DEVINE and was a separate investigation and prosecution by the RTP.  This was false, in that the RTP was acting with Defendant RANDALL DEVINE's assistance and at the instruction of Defendant RANDALL DEVINE.

45.   In 2014, Defendant RANDALL DEVINE further falsely represented to a prosecutor in a state criminal prosecution of Steven James Strike pending in Hawaii, that Plaintiff was the roommate of Steven James Strike, which was untrue and which Defendant RANDALL DEVINE knew to be untrue.

46.   Up until April of 2016, Plaintiff believed that Defendant RANDALL DEVINE was assisting Plaintiff in protecting him against the accusations of the RTP.

47.   Only in April of 2016 did Plaintiff learn -- through a response to a Freedom of Information Act ("FOIA") request -- that Defendant RANDALL DEVINE was working with the RTP, providing evidence to the RTP, that Defendant RANDALL DEVINE provided false evidence to the RTP, and that Defendant RANDALL DEVINE had falsely represented to Plaintiff and Plaintiff's counsel that Defendant RANDALL DEVINE was not involved in any way in the investigation and prosecution of Plaintiff by the RTP.

48.   On December 4, 2014, a Pattaya Police Commander forwarded recommendation to Pattaya Prosecutor to charge Steven James Strike and drop the case against Plaintiff.  And in January 2015, Pattaya Prosecutors and police made a recommendation to drop the case against the Plaintiff in favor of a prosecution of Steven James Strike.

49.   Upon information and belief, on or about February 5, 2015, Defendants, including Defendant RANDALL DEVINE, documented a shared concern that Plaintiff may file suit against Defendants, including Defendant

RANDALL DEVINE and Thai authorities arising out of the conduct alleged herein. (Plaintiff was not aware of this until after April of 2016).

50.   Upon information and belief, on or about February 12, 2015, Defendants, including Defendant RANDALL DEVINE, became aware that Plaintiff had filed a lawsuit in Thailand against the RTP.

51.   On February 17, 2015, Defendants, including Defendant RANDALL DEVINE, travelled to Chon Buri and met with members of the RTP and instructed them to continue the RTP's prosecution of the Plaintiff based upon their continued assertions of the Plaintiff's guilt. Upon information and belief, this resulted in an additional six months of malicious prosecution of the Plaintiff.   Moreover, in 2015, as a result of the conduct of Defendant RANDALL DEVINE, Plaintiff was detained for hours while attempting to travel across borders.

52.   On April 9, 2015 DHI ICE agents documented a statement that "evidence didn't conclude the Plaintiff committed the alleged crime".

53.   On May 6, 2015, the FBI closed their file as to Plaintiff.  This occurred on the same day that Steven James Strike was convicted.

54.   Subsequently, on June 12, 2015, DHI ICE closed their file as to the Plaintiff.

55.   On or about August 6, 2015, Defendants, including Defendant RANDALL DEVINE, approved the Thailand Attorney General's issuance of the Plaintiff's final non-prosecution order which recommended the case against the Plaintiff be dropped in favor of prosecuting Steven James Strike.

56.   Plaintiff has since been trying to understand what occurred and why.

57.   During his own personal investigation of how and why he was arrested, Plaintiff has obtained evidence that Defendants, including Defendant RANDALL DEVINE; engaged in the following acts:

a. Solicited Oley S. to engage in sexual relations with multiple targets of criminal investigations (including Americans Steven James Strike and Paul Alan Shapiro);

b. Detained Plaintiff with the knowledge that he was innocent of the allegations and that Steven James Strike was the true perpetrator;

c. Promoted the use of media coverage to advance their stated objective of publicity to discourage other Americans from travelling overseas to assault children, in part by embarrassing and harassing Plaintiff, despite the untruthfulness of the allegations as to Plaintiff;

d. Directed the falsification of Oley S's statement and forgery of the signature of Oley S. on an affidavit falsely accusing Plaintiff of the crimes committed by Steven James Strike;

e. Directed the falsification of an affidavit by a second minor (hereinafter referred to as "Phil"), falsely accusing Plaintiff of committing crimes that were never committed;

f. Engaged Parison Noja as a cooperative witness and investigator;

g. Falsified, or directed the falsification of, an affidavit falsely accusing Plaintiff of the crimes committed by Steven James Strike;

h. Allowed Plaintiff to be detained for three days in a Thai prison, with knowledge of his innocence;

i. Directed that false and partial information be presented to the RTP, in an effort prejudice the RTP's investigation and to stifle Plaintiff's efforts to both understand what transpired to him, and suppress the disclosure of the abusive practices involving exploitation of minors at issue herein.

58.   Plaintiff has additionally learned that Defendants, including Defendant RANDALL DEVINE, upon learning of Plaintiff's suit against the RTP and the

resulting pending clearance of Plaintiff by the RTP of any wrongdoing, contacted agents of the RTP on or about February 17, 2015 and insisted that the RTP continue its investigation and prosecution of Plaintiff.   Upon information and belief, the purpose of these efforts was (a) to stifle Plaintiff's efforts to understand what transpired and (b) to avoid disclosing abusive practices involving exploitation of minors at issue herein.

59.   As a result of the foregoing, Plaintiff has suffered substantial and irreparable damages.  These included the theft of his wife's personal items and other jewelry (stolen on May 29, 2013); the experience of being subjected to a malicious prosecution from June 8, 2014 until August 6, 2015; enormous expense in obtaining legal services to both defend Plaintiff from the fraudulent claims and also understand why he was subjected to them; the loss of his job and related income; the loss of the income received from his rental properties during this period; the cost of relocating his family; and the expenses associated with his ongoing effort to understand what happened and why.  He has gained over 120 pounds, relocated from Thailand, divorced his wife, and communications with his American family has ceased as a result. He has expended over $450,000 in legal fees, translation fees, and investigation fees in trying to understand what occurred and why.

60.   Due to the acts complained of herein, Plaintiff was terminated from his job, and suffered a loss of income of at least $150,000, and his relationship with his family was drastically and negatively impacted. The stigma of the arrest, accusation, and related publicity has permanently altered his nature and his employability.

## V.  FACTS RELATED TO PLAINTIFF'S DELAY IN FILING, TOLLING AND ESTOPPEL

61.   Defendant RANDALL DEVINE, and others, took actions to preclude Plaintiff from learning of their tortious conduct.

COMPLAINT FOR MONEY DAMAGES

62.    Plaintiff was not aware that the source of his injury was Defendant RANDALL DEVINE and others until April 2016 when Plaintiff received a response to one of his many requests brought under FOIA.

63.    Throughout all of Plaintiff's interactions with Defendants, including Defendant RANDALL DEVINE, prior to April 2016, Defendants, including Defendant RANDALL DEVINE, denied any involvement and repeatedly asserted to Plaintiff that the RTP was the exclusive source of Plaintiff's injuries.

64.    Plaintiff believed the representation of Defendants, including Defendant RANDALL DEVINE, that the exclusive cause of his injury was the RTP.

65.    Plaintiff brought legal actions against the RTP in 2015, believing that the RTP was the cause of his injury, and not aware that the cause of his injury was of Defendants, including Defendant RANDALL DEVINE.

66.    Upon information and belief, Defendants, including Defendant RANDALL DEVINE set out to preclude Plaintiff from learning of the involvement of Defendants, including Defendant RANDALL DEVINE in Plaintiff's arrest and prosecution.  To that end, upon information and belief, of Defendants, including Defendant RANDALL DEVINE, instructed agents of the RTP to remove, redact, or erase any mention of the involvement of Defendants, including Defendant RANDALL DEVINE in the investigation of Plaintiff or subsequent prosecution, and further directed agents of the RTP to remove, redact, or erase from case documents any reference to the RTP's receipt of evidence from Defendants, including Defendant RANDALL DEVINE, related to the van registration or other information related to Plaintiff.

67.    The prosecution of Plaintiff by the RTP was terminated on or by agreement on August 22, 2016.  This occurred after Plaintiff located and produced documents, through FOIA requests, establishing that the RTP's investigation and

prosecution of Plaintiff was based on evidence provided by Defendants, including Defendant RANDALL DEVINE.

68.     Plaintiff also commenced a Federal Tort Claims Act claim, commencing the administrative process.  Plaintiff submitted his Standard Form 95 around May 21, 2016.  By letter dated July 19, 2016, the Department of State acknowledged receipt of the original claim. Plaintiff submitted a revised Standard Form 95 around September 9, 2016 following receipt of DHI ICE FOIA documents. In a letter dated February 14, 2017, DOJ acknowledged receipt of the Plaintiff's revised claims on September 21 and 26, 2016.  In a letter dated July 24, 2017, the DOJ Civil Division of the United States Department of Justice (the "USDOJ") acknowledged that the revised claim was received on May 27, 2017; and issued a final denial of the claim.  While Plaintiff will not be asserting a claim under the FTCA, this administrative process put Defendants, including Defendant RANDALL DEVINE on notice of Plaintiff's claims, and invoked the application of Equitable Tolling.[1]

69.     Plaintiff was not able to overcome the efforts of Defendants, including Defendant RANDALL DEVINE, to block Plaintiff's knowledge of the direct involvement of Defendants, including Defendant RANDALL DEVINE, until April 21, 2016, June 21, 2016 and June 24, 2016, when Plaintiff learned, through a FOIA request, of the involvement of Defendants, including Defendant RANDALL DEVINE, in the investigation and prosecution of Plaintiff by the RTP.

70.     Plaintiff has diligently pursued understanding who caused his injury and why.  These efforts included:

      a. On the belief that the RTP were responsible for his arrest, on June 12, 2014 Plaintiff requested and attended a meeting with Defendants,

---

[1] *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1142 (9th Cir. 2001). *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002)

[2]  *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176 (9th Cir.2000); *Lantzy v. Centex*

including Defendant RANDALL DEVINE, requesting that Defendants, including Defendant RANDALL DEVINE, investigate *Plaintiff* to see his innocence, and both offered his computer backup drive evidence and offering to submit to polygraph examination and provide DNA. Defendants, including Defendant RANDALL DEVINE, informed Plaintiff that they were not involved in the investigation or prosecution of Plaintiff, and such was the sole efforts of the RTP;

b. On June 22, 2014, Plaintiff retained Hawaii lawyer William Harrison to request confession of Steven James Strike, to further prove his innocence;

c. On July 23, 2014, Plaintiff contacted Defendant DEVINE offering assistance and requesting information about the Defendants involvement

d. On March 17, 2015, Plaintiff commenced a civil action against cooperative witness Parison Noja (while under the impression that Plaintiff's prosecution was occurring as a result of his false statements to RTP and not because of the involvement of Defendants, including Defendant RANDALL DEVINE).

e. On May 6, 2015, the FBI closed their case file.  On May 9, 2015, Plaintiff filed an appeal of the FBI's denial of Plaintiff's FOIA request. The FBI granted Plaintiff's appeal on or about January 12, 2016.  The FBI FOIA office responded to Plaintiff on or about February 24, 2016, stating that his documents would be available on or before February 2017. On or about March 4, 2016, Plaintiff objected and demanded expeditious processing, and Plaintiff's request was approved on March 9, 2016. This resulted in the first partial release of information on or

about April 21, 2016, followed by a second release of additional information on or about June 24, 2016.

f. On June 4, 2015, Plaintiff commenced a civil action against the RTP (while under the impression that his prosecution was occurring at the direction of the RTP).  That action has terminated.

g. On February 11, 2016, following receipt of a response to a FOIA request sent to the DOJ on or about January 5, 2016, Plaintiff issued revised FOIA requests to DHI ICE; the FBI; and others in a further attempt to understand the source of his injuries.

h. Plaintiff brought two claims under the FTCA which, while inapplicable, put Defendants, including Defendant RANDALL DEVINE, on notice of Plaintiff's claim, harm, and injury.

71.    Upon information and belief, the application of tolling and estoppel will not result in any prejudice to the Defendants.[2]

## VI.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**AGAINST ALL DEFENDANTS**
**[FOURTH AND FOURTEENTH AMENDMENT RIGHT AGAINST MALICIOUS PROSECUTION]**

72.    Plaintiff repeats and re-alleges the allegations set forth above as if asserted herein in full.

73.    Defendants, including Defendant RANDALL DEVINE, by their actions identified herein, caused Plaintiff to be prosecuted by the RTP for a crime for which Defendants, including Defendant RANDALL DEVINE knew was committed by another party.

---

[2]  *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176 (9th Cir.2000); *Lantzy v. Centex Homes,* 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 73 P.3d 517, 523 (2003).

74.     Defendants, including Defendant RANDALL DEVINE, by their actions identified herein, caused Plaintiff to be prosecuted without probable cause to subject Plaintiff to this prosecution.

75.     Defendants, including Defendant RANDALL DEVINE, took affirmative steps -- including presenting false materials to the RTP, and false affidavits -- in addition with the special relationship held between Defendants, including Defendant RANDALL DEVINE, and the RTP, to cause Plaintiff to be prosecuted for the acts identified herein, with the knowledge that Plaintiff was factually innocent.

76.     Defendants, including Defendant RANDALL DEVINE did so with the intent of infringing on Plaintiff's constitutional rights.

77.     The criminal proceeding was terminated in Plaintiff's favor.

78.     The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to each said individual Defendant.

**SECOND CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**[FOURTH AND FOURTEENTH AMENDMENT RIGHT AGAINST**
**UNREASONABLE DETENTION AND FALSE ARREST]**

79.     Plaintiff repeats and re-alleges the allegations set forth above as if asserted herein in full.

80.     Defendants, including Defendant RANDALL DEVINE caused Plaintiff to be unlawfully arrested and detained in connection with the fabricated allegations of child molestation.

81.     Plaintiff's arrest was unlawful in that there was no reasonable suspicion or probable cause to arrest Plaintiff. The basis of the arrest was the result of the wrongful and illegal conduct of Defendants, including Defendant RANDALL DEVINE.

82.     The conduct Defendants, including Defendant RANDALL DEVINE, was a substantial factor in causing Plaintiff to suffer harm in that Plaintiff incurred severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance. Plaintiff has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial.

83.     The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### [CALIFORNIA STATE CLAIM]
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84.     Plaintiff repeats and re-alleges the allegations set forth above as if asserted herein in full.

85.     Defendants' conduct, as alleged herein, was outrageous.

86.     Defendants intended to cause Plaintiff emotional distress.

87.     Defendants acted with reckless disregard that Plaintiff would suffer emotional distress.

88.     Plaintiff suffered emotional distress.

89.     Defendants' conduct was a substantial factor in causing Plaintiff to suffer emotional distress.

90.     Defendants' conduct was a substantial factor in causing Plaintiff to suffer harm in that Plaintiff incurred severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance. Plaintiff has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial.

91.   The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to Defendants.

**FOURTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**[CALIFORNIA STATE CLAIM]**
**[LIBEL, SLANDER, AND DEFAMATION]**

92.   Plaintiff repeats and re-alleges the allegations set forth above as if asserted herein in full.

93.   Defendants, including Defendant RANDALL DEVINE, made statements, both orally and in writing, to both law enforcement agencies including the RTP and local news media in Thailand asserting that Plaintiff had engaged in sexual conduct with minors.

94.   Members of the RTP and local news media in Thailand, and others, reasonably believed these statements to mean that Plaintiff had engaged in sexual conduct with minors and believed that these statements were truthful, when they were not.

95.   Defendants, including Defendant RANDALL DEVINE, failed to use reasonable care in determining the truth or falsity of the statements at issue.

96.   As a result, Plaintiff was injured, including severe emotional distress, loss of employment and income, mental pain, anguish, embarrassment, humiliation, and psychological disturbance. Plaintiff has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial.

97.   The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to Defendants, including Defendant RANDALL DEVINE.

# VII. JURY TRIAL DEMAND

98.   Plaintiff demands a trial by jury for all issues so triable.

# VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant Randall Devine and DOE Defendants 1-50 as follows:

1.   For general and special damages according to proof;

2.   For medical and related expenses, according to proof;

3.   For lost earnings, past and future;

4.   For costs of suit incurred herein;

5.   For attorneys fees, were allowed by law, including, but not limited to, 28 U.S.C. Section 2412, where allowable by law;

6.   For interest, as allowed by law;

7.   For punitive damages, where allowed by law; and

8.   For such other and further relief as the Court may deem proper.

DATED: January 18, 2018          LAW OFFFICES OF IAN WALLACH, P.C.


By:  _____/s/ Ian Wallach_____
Ian Wallach
Attorneys for Plaintiff Christopher Hobbs

21