Victor Sherman, SBN 38483
  ssvictor@aol.com
LAW OFFICES OF VICTOR SHERMAN
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Tel: 310.399.3259
Fax: 310.392.9029

Ian Wallach, SBN 237849
  iwallach@wallachlegal.com
LAW OFFICES OF IAN WALLACH, PC
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Tel: 213.375.0000
Fax: 213.402.5516

*Attorneys for Plaintiff Christopher Hobbs,*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HOBBS,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL DEVINE, *an individual*;<br>THE UNITED STATES OF AMERICA;<br>AND DOE DEFENDANTS 1-50,<br><br>Defendants. | Civil No. 2:18-cv-00480-PSG-E<br><br>**PLAINTIFF CHRISTOPHER HOBBS' OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS RANDALL DEVINE AND THE UNITED STATES OF AMERICA**<br><br>**[[PROPOSED] ORDER, filed concurrently]**<br><br>Honorable Philip S. Gutierrez<br><br>Date:  September 24, 2018<br>Time:  1:30 p.m.<br>Crtrm: 6A |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ………………………………………………..…....1

II.   STANDARD OF REVIEW……………………………………….....…..1

III.  ARGUMENT…………………………………………………………....2

    A. Plaintiff's Constitutional Claims Should Be Allowed To Proceed……...2

    B. Plaintiff's Causes Of Action Are Recognized Under Bivens …………....2

        1. The indirect aspect to Plaintiff's unlawful arrest claim is not fatal…...3

        2. The Ninth Circuit recognizes Bivens Claims for Malicious Prosecution…………………………………………………………5

        3. There are no special factors weighing against allowing the Bivens claims to proceed……………………………………………………...6

           i.   Plaintiff does not have an adequate alternative remedy……..……7

              a. No evidence has been presented that alternative remedial processes were available via Thai criminal law and Thai civil law…………………………….…7

              b. Hobbs cannot bring a claim under the FTCA……..8

           ii.  The extraterritorial exception to the FTCA is not meant to indicate a broader congressional prohibition against the extraterritorial application of Bivens……………………………8

           iii. There are no foreign policy concerns that preclude prosecution of the Bivens claims of Plaintiff…………………………………..10

    C. Plaintiff Has Challenged The Substitution Of The United States For Defendant Devine……………………………………………………….11

IV.   CONCLUSION……………………………………………………..12

## **TABLE OF AUTHORITIES**

**CASES**

<u>Federal</u>

*Ashcroft v. Iqbal*, 556
     U.S. 662 S. Ct. 1937, 1947–48, 173 L. Ed. 2d 868 (2009)……………………...2

*Autery v. United States*, 424
     F.3d 944 (9th Cir. 2005)……………………………………………...……….1

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127
     S.Ct. 1955 L.Ed.2d 929 (2007)…………………………...………………..1

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403
     U.S. 388 S. Ct. 1999, 2012, 29 L. Ed. 2d 619 (1971)…………………...…1

*Blankenhorn v. City of Orange*, 485
     F.3d 463 (9th Cir. 2007)………………………………………………...….4

*Boyd v. Benton County,* 374
     F.3d 773 (Ninth Cir. 2004)…………………………………………………...5

*Chuman v. Wright*, 76
     F.3d 292 (9th Cir. 1996)………………………………………………...4

*Correctional Services Corp. v. Malesko,* 534
     U.S. 61 S.Ct. 515, 151 L.Ed.2d 456 (2001)……………………………..……2

*Fallay v. City & Cty. of San Francisco*, 604
     F. App'x 539 (9th Cir. 2015)……………………………………………...….5

*Hernandez v. Mesa*, 885
     F.3d 811 (5th Cir. 2018)……………………………..………………7, 9, 10

*In re Sealed Case*, 494
     F.3d 139 (D.C. Cir. 2007)………………………………………………...11

*Lazy Y Ranch Ltd. v. Behrens*, 546
     F.3d 580 (9th Cir. 2008)…………………………………………………...1

*Mazzetti v. Bellino*, 57
    F. Supp. 3d 1262, 1270 (E.D. Cal. 2014)……………………………….......6

*Meshal v. Higgenbotham*, 804
    F.3d 417 (D.C. Cir. 2015)……………………………………….......9, 10

*Rodriguez v. Swartz*, No. 15-16410, 2018
    WL 3733428, (9th Cir. Aug. 7, 2018)……………………..……3, 7, 8, 9, 10

*Sprewell v. Golden State Warriors,* 266
    F.3d 979 (9th Cir.2001)…………………………………….……………....1

*Torres v. City of Los Angeles*, 548
    F.3d 1197 (9th Cir. 2008)……………………………….…………..4, 10

*West v. City of Mesa*, 128
    F. Supp. 3d 1233 (D. Ariz. 2015), aff'd, 708 F. App'x 288 (9th Cir. 2017)…..5

*Ziglar v. Abbasi*, 137
    S. Ct. 1843 L. Ed. 2d 290 (2017)………………………..……3, 4, 6

**STATUTES**

United States Code

28 USC § 2680(h)……………………………………………….……..11

28 U.S.C. § 2680(k)……………………………………………...……8, 11

Federal Rules and Regulations

Fed. R. Civ. Proc. § 12(b)(6) ……………………………….………………...1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The present case concerns the unlawful framing of Plaintiff as a pedophile, and the ongoing efforts of an agent for the Federal Bureau of Investigations to suppress evidence of that agent's mistake, and of Plaintiff's innocence. Plaintiff has spent several years attempting to understand what happened to him, and why, and, in 2016, found evidence establishing that Plaintiff's arrest took place at the direction of Defendant Randall Devine ("Devine") and without probable cause.

Plaintiff seeks damages under *Bivens* and common law tort claims for what transpired. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 411, 91 S. Ct. 1999, 2012, 29 L. Ed. 2d 619 (1971) (Harlan, Concurring) ("I deem it proper to venture the thought that at the very least such a remedy would be available for the most flagrant and patently unjustified sorts of police conduct. Although litigants may not often choose to seek relief, it is important, in a civilized society, that the judicial branch of the Nation's government stand ready to afford a remedy in these circumstances").

### II. STANDARD OF REVIEW

With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). With a Rule 12(b)(6) motion, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed.R.Civ.P. 12(b)(6). In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## III.   ARGUMENT

**A. Plaintiff's Constitutional Claims Should Be Allowed To Proceed**

In *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1947–48, 173 L. Ed. 2d 868 (2009), the Supreme Court described *Bivens* claims as follows:

> In *Bivens*—proceeding on the theory that a right suggests a remedy—this Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." **1948 *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 66, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Because implied causes of action are disfavored, the Court has been reluctant to extend *Bivens* liability "to any new context or new category of defendants." 534 U.S., at 68, 122 S.Ct. 515.

**B. Plaintiff's Causes Of Action Are Recognized Under *Bivens***

Defendants cite to *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1947–48, 173 L. Ed. 2d 868 (2009) for the premise that implied causes of action are disfavored in the *Bivens* context.  The *Iqbal* court relied on *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 68, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) which addressed whether private actors could be subject to *Bivens* claims, and held that there was no federal remedy against private entities acting under color of federal law.  Id. at 519.  At issue in the present case, however, is whether a *Bivens* action can stand against Devine -- a Federal employee -- allegedly acting, at times, under color of federal law. Still, the *Ashcroft* court expressed disfavor with implied causes of action, such as a *Bivens* claim.

The *Iqbal* court stated that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed.

2d 868 (2009). In this matter, Plaintiff has alleged that Devine personally violated the constitution.

In *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848, 198 L. Ed. 2d 290 (2017), the Supreme Court stated that *Bivens* actions have historically been limited to three categories – (i) unreasonable searches and seizures prohibited under the Fourth amendment; (ii) gender discrimination, and (iii) cases involving violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The Court then stated that a *Bivens* cause of action should not lie if there are special factors counseling hesitation in the absence of affirmative action by Congress. Id. at 1857.

Accordingly, the questions before this court are (a) whether Plaintiff's claims fall under the Fourth Amendment's prohibition against unlawful searches and seizures or have otherwise been recognized; and (b) if not, do special factors counseling hesitation preclude Plaintiff's claims.

For the reasons set forth below, Plaintiff's Fourth Amendment claim against unlawful detention has been recognized by the Supreme Court and by the Ninth Circuit, and the Ninth Circuit has recently, in *Rodriguez v. Swartz*, __ F.3d___ (2018), 2018 WL 3733428, 2018 U.S. App. LEXIS 21930 (9th Cir. Aug. 7, 2018) allowed *Bivens* claims for Fourth Amendment violations to go forward even if the violation took place extraterritorially. And the Ninth Circuit has repeatedly recognized *Bivens* claims for Malicious Prosecution.

**1. The indirect aspect to Plaintiff's unlawful arrest claim is not fatal**

The Court in *Ziglar v. Abbasi* was clear that unlawful arrest claims are not novel and should not be disrupted. Specifically, the Court stated:

> And it must be understood that this opinion is not intended to cast doubt on the continued force, or even the necessity, of *Bivens* in the search-and-seizure context in which it arose. *Bivens* does vindicate the Constitution by allowing some redress for injuries, and it provides instruction and guidance to federal law enforcement

> officers going forward. The settled law of *Bivens* in this common and recurrent sphere of law enforcement, and the undoubted reliance upon it as a fixed principle in the law, are powerful reasons to retain it in that sphere.

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856–57, 198 L. Ed. 2d 290 (2017).

Plaintiff asserts that Devine "coordinated the arrest, interrogation, and publicity of Plaintiff's arrest" [Complaint, ¶ 40] [ECF 1]. Defendants argue that the indirect nature of Plaintiff's claim make it a new type of *Bivens* claim. ["MOTION TO DISMISS BY DEFENDANTS RANDALL DEVINE AND THE UNITED STATES OF AMERICA" ("Motion") at 8:19-28] [ECF 21]. Defendants argue that Plaintiff's claim is insufficient because Plaintiff was arrested and prosecuted by the Royal Thai police, rather than by Defendant himself, even if at Defendant Devine's instruction. [Motion at 8:19-28] [ECF 21]. Devine argues that because the arrest was by the Royal Thai police, the liability theory is indirect and therefore not actionable.

But the Ninth Circuit has implied, however, that indirect participation -- in the form of directing or consulting those who perform the arrest -- is a viable basis for an unlawful arrest claim. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008) ("We affirm the district court's dismissal of Plaintiffs' case against Detective Hickman. The evidence is undisputed that Detective Hickman was not present when Torres was arrested, and there is no evidence that Detective Hickman instructed the other detectives to arrest Torres or that any of those detectives consulted with her before making the arrest. Thus, there is no evidence of "integral participation" by Detective Hickman in the alleged constitutional violation"); *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996) (allowing for liability if there was "integral participation by the offending defendant"); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) ("'[I]ntegral participation' does not require that each officer's actions themselves rise to the level

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

of a constitutional violation." *Boyd v. Benton County,* 374 F.3d 773, 780 (Ninth Cir. 2004). But it does require some fundamental involvement in the conduct that allegedly caused the violation").

Plaintiff has alleged that Devine orchestrated Plaintiff's arrest -- establishing sufficient integral participation to properly assert a *Bivens* claim, based on indirect but integral participation.

### 2. The Ninth Circuit recognizes *Bivens* Claims for Malicious Prosecution

Defendants imply that no cause of action for malicious prosecution can lie under *Bivens*. But the Ninth Circuit, and courts within it, have recognized this *Bivens* cause of action as viable. In *Fallay v. City & Cty. of San Francisco*, 604 F. App'x 539, 540 (9th Cir. 2015), the court stated:

> As to Federal Defendants David Carr and Bruce Whitten, we reverse the district court's order dismissing the SAC with prejudice because Fallay could have amended his SAC to allege a *Bivens* action for malicious prosecution. Fallay's *Bivens* claim for malicious prosecution was not barred by the statute of limitations because it did not accrue until after the state court criminal proceedings terminated.

And in *West v. City of Mesa*, 128 F. Supp. 3d 1233, 1244–45 (D. Ariz. 2015), aff'd, 708 F. App'x 288 (9th Cir. 2017), the court stated:

> The basis of a *Bivens* action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right." *Balser v. Dept. of Justice, Office of the United States Trustee*, 327 F.3d 903, 909 (9th Cir.2003). In order to establish malicious prosecution in the *Bivens* context, "a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.' " *Awabdy*, 368 F.3d at 1066 (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)). "A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police

officers and investigators—who wrongfully caused his prosecution. *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir.2011)") (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir.2002)).

Other courts within the Ninth Circuit have also recognized *Bivens* claims for malicious prosecution. *See Mazzetti v. Bellino*, 57 F. Supp. 3d 1262, 1270 (E.D. Cal. 2014) (allowing *Bivens* malicious prosecution claim to proceed).

In the present case, Plaintiff alleged that he was prosecuted without probable cause; that Devine had no probable cause to pursue the prosecution; and that Devine integrally participated in Plaintiff's arrest and the prosecution of Plaintiff. [Complaint ¶¶ 12, 13, 15, 17, 31, 33] [ECF 1]. Plaintiff has alleged a viable *Bivens* claim recognized within this circuit.

Devine argues that under *Ziglar v. Abbasi*, there is no longer a viable *Bivens* claim for malicious prosecution. While malicious prosecution is not one of the three types of *Bivens* cause of actions historically addressed by the Supreme Court, the Court does not discuss the circuit and district court rulings addressing the cause of action as viable, or state that a cause of action under *Bivens* for malicious prosecution should be automatically disregarded. Rather it states that *Bivens* actions brought in a new context need to be subjected to a secondary analysis of whether hesitation is warranted in allowing the claim to go forward.

**3. There are no special factors weighing against allowing the *Bivens* claims to proceed**

First, contrary to Devine's claim, there are no alternative remedial structures available. Prior to Hobbs learning -- in 2016 -- that his prosecution was at the direction of Defendant Devine, Plaintiff Hobbs brought actions against the Royal Thai Police ("RTP") for its separate conduct, *which did not concern Defendant Devine*. [Complaint ¶¶ 44, 47. 65] [ECF 1]. Defendants have provided no alternative forum where Hobbs' claims against Devine could be heard.

Second, the extraterritorial nature of Plaintiff's claim is not a special factor counseling hesitation. Defendants rely heavily on *Hernandez v. Mesa*, 885 F.3d 811 (5th Cir. 2018) where a US Border Patrol agent shot and killed a 15-year-old boy who was walking in Mexico. But on August 7, 2018, the Ninth Circuit came down differently on the question of extraterritorial application of *Bivens*. In *Rodriguez v. Swartz*, 2018 WL 3733428, 2018 U.S. App. LEXIS 21930, a federal agent on the US side of a border shot and killed a 16-year-old boy walking down the streets of Mexico. During an interlocutory appeal of a denial of a motion to dismiss based on Qualified Immunity, the agent argued that the Fourth Amendment did not apply as the injury occurred abroad. But the Ninth Circuit held that the Fourth Amendment was applicable and that the extraterritorial nature did not bar the *Bivens* claim. The 9th Circuit evaluated many of the same arguments that Devine makes here.

### i. Plaintiff does not have an adequate alternative remedy

The Ninth Circuit has held that it cannot grant a *Bivens* cause of action if "any alternative, existing process for protecting the [constitutional] interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." We also cannot extend *Bivens* if Congress's "failure to provide money damages, or other significant relief, has not been inadvertent." *Rodriguez v. Swartz*, No. 15-16410, 2018 WL 3733428, at *10, 2018 U.S. App. LEXIS 21930, (9th Cir. Aug. 7, 2018)

None of the proposed alternative remedies were sufficiently available.

### a. No evidence has been presented that alternative remedial processes were available via Thai criminal law and Thai civil law

Devine argues that Plaintiff had at his disposal the "normal remedial processes provided by the Thai system", but fails to provide any facts to support this, or explain how the Thai system afforded Plaintiff a remedy against Devine. Similarly,

Devine presents no evidence that Hobbs' civil actions brought in 2015 (and prior to learning that his arrest was at the direction of Devine, which occurred in 2016) provided any remedy for Plaintiff's claim against Devine.

The defendants made the same argument in *Swartz*, and it was rejected. The Ninth Circuit stated that "Swartz argues that Rodriguez could seek a remedy in a Mexican court. But that argument appears to be a mere makeweight. Swartz does not cite any authority showing that a Mexican court could exercise jurisdiction over him or that Rodriguez would have a remedy under Mexican law. Nor does he attempt to show how Rodriguez could execute on a judgment from a Mexican court without running afoul of the Westfall Act." *Rodriguez v. Swartz*, 2018 WL 3733428, at *13, 2018 U.S. App. LEXIS 21930 (9th Cir. Aug. 7, 2018). The same holds true here. Devine does not cite any authority showing that a Thai court could exercise jurisdiction over him or that Plaintiff would have a remedy under Thai law as against Devine.

### b. Hobbs cannot bring a claim under the FTCA.

The Federal Tort Claims act is a narrow waiver of sovereign immunity. It contains an exception for claims "arising in a foreign country" (28 U.S.C. § 2680(k)). Because Hobbs was arrested and prosecuted in Thailand, he does not have an action under the FTCA.

### ii. The extraterritorial exception to the FTCA is not meant to indicate a broader congressional prohibition against the extraterritorial application of *Bivens*

Devine argues that the enactment of Section 2680(k) indicates a desire of congress to preclude potential liability for conduct arising in a foreign country, even outside of the FTCA. [Motion at 13:6-28][ECF 21]. This argument was rejected by the Ninth Circuit in *Swartz*, when the Court stated:

> But this foreign country exception does not imply, as Swartz, the United States, and the dissent all argue, that Congress intended to prevent Rodriguez from having a *Bivens* remedy. This is because "the foreign country exception ... codified Congress's 'unwilling[ness] to subject the United States to liabilities depending upon the laws of a foreign power.' " At the time, standard choice-of-law analyses, which have not been uniformly abrogated, focused on the place the harm occurred, and would have compelled U.S. courts to apply foreign law, even to a state common law claim, leading "to a good deal of difficulty." Thus, "[t]he object being to avoid application of substantive foreign law, Congress evidently used the modifier 'arising in a foreign country' to refer to claims based on foreign harm or injury, the fact that would trigger application of foreign law to determine liability." And even under modern choice of law rules, the application of state tort law could mean the application of state choice of law rules, which, in turn, could lead to the application of foreign substantive law, which is what Congress did not want. Allowing a *Bivens* cause of action here, however, does not implicate this concern because it arises under only U.S. constitutional law and does not implicate Mexican substantive law or even Arizona choice-of-law provisions that could lead to the application of Mexican substantive law. This is all that Congress sought to avoid.

*Rodriguez v. Swartz*, No. 15-16410, 2018 WL 3733428, at *10, 2018 U.S. App. LEXIS 21930 (9th Cir. Aug. 7, 2018).

Defendants rely on *Meshal v. Higgenbotham*, 804 F.3d 417 (D.C. Cir. 2015) claiming that it paralleled the Fifth Circuit's decision in *Hernandez*. First, the Ninth Circuit declined to adopt the reasoning of the Fifth Circuit when it issued the *Swartz* decision. Second, in *Meshal*, the court stated that "To our knowledge, no court has previously extended *Bivens* to cases involving either the extraterritorial application of constitutional protections" *Meshal v. Higgenbotham,* 804 F.3d 417, 424 (D.C. Cir. 2015). But in *Swartz*, the Ninth Circuit did so. Third, in *Meshal*, the court was concerned with a *Bivens* claim that could impact the national security and foreign policy context. Id. at 418. But no national security issues are at play with Plaintiff's

claim, and no identifiable foreign policy issues are at play so as to cause hesitation for allowing the claim to proceed.  Lastly, *Meshal* involved two special factors – one involving "the military, national security or intelligence", which are not issues here, and another, that the Supreme Court has never favorably mentioned an exterritorial *Bivens* claim (*Meshal v. Higgenbotham*, 804 F.3d 417, 425–26 (D.C. Cir. 2015), but in *Swartz*, the Ninth Circuit has done so.

### iii. There are no foreign policy concerns that preclude prosecution of the *Bivens* claims of Plaintiff

Devine correctly acknowledges that Plaintiff alleged that the actions of the Royal Thai Police, and the Thai Attorney General, were subject to the approval of Defendant Devine.  [Motion at 15:1-5] [ECF 21] [Citing to Complaint, ¶¶ 41, 44, 51, 55].  Devine argues that allowing the claim to proceed based on alleged subversion of Thai officials raises foreign policy concerns.  But all Plaintiff has alleged is that Defendant Devine continued to provide false information to Thai Officials – not that Devine undermined their authority.  Instead, Hobbs' alleges that Thai Officials used their authority to its fullest extent, but did so based on false information provided by Devine.  Hobbs alleges that this resulted in his arrest and an ongoing investigation, done as a result of the integral participation of Defendant Devine.  *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008).

Moreover, the bulk of Devine's argument related to foreign policy relied on *Hernandez* and *Meshal*.  *Meshal* paralled *Hernandez*, and in *Swartz*, the Ninth Circuit determined to not follow the Fifth Circuit's decision in *Hernandez*.

Lastly, Devine argues that discovery will be difficult to conduct, because of the Thai language barrier and because of the Thai Witnesses.  But if Plaintiff cannot establish his claim through documentary evidence, or acquire the necessary witnesses, then Plaintiff will lose.  But this does not impact whether his claim

somehow implicates foreign policy in such a fashion as to disallow the claim altogether.

Moreover, *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) is instructive. In that case, the Circuit Court for the District of Columbia allowed a *Bivens* claim to proceed against a state department Charge d'Affaire for overseas wiretapping. The district court determined that the state secrets privilege precluded the claim, because the defendants successfully argued that the plaintiff could not establish a *prima facie* case without the protected material. But the District of Columbia Circuit Court disagreed, and held that "[a]t this stage of the proceedings, Horn must supply sufficient allegations that a federal agent, acting under color of his authority, violated his Fourth Amendment rights, but he need not disprove possible defenses." *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007). The same is true here. Plaintiff concedes that, in this case, Plaintiff could not use state secrets to establish his claim. Still, Plaintiff maintains that he will not need to use any privileged material to establish his claim, and dismissal at this juncture would be improper.

**C. Plaintiff Has Challenged The Substitution Of The United States For Defendant Devine.**

In a separate pleading, also noticed for the same hearing date, Plaintiff has challenged the substitution of the United States as a defendant for Defendant Devine. Plaintiff intends to argue that Devine, at times, was acting for his own personal means and not for the benefit of the United States.

If Plaintiff is not successful, and if the United States is allowed to substitute as the proper defendant for Devine, then Plaintiff concedes that the tort claims are barred under the Federal Tort Claims Act because 28 USC § 2680(k) excludes recovery for injuries occurring outside of the United States, and that Hobbs' Libel, Slander, and Defamation claims are barred under 28 USC § 2680(h).

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion should be denied. In the alternative, Hobbs requests leave to amend and such a request should be granted.

Respectfully Submitted,

Dated: August 29, 2018               Law Offices of Victor Sherman

 /s/ Victor Sherman
Victor Sherman
Attorney for plaintiff