NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DANIEL A. BECK (Cal. Bar No. 204496)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2574
    Facsimile: (213) 894-7819
    E-mail: daniel.beck@usdoj.gov

Attorneys for Defendants Randall Devine
And the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HOBBS,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDALL DEVINE, *an individual*; THE UNITED STATES OF AMERICA; AND DOE DEFENDANTS 1-50,<br><br>    Defendants. | No. 2:18-cv-0480 PSG (Ex)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTIFICATION AND SUBSTITUTION**<br><br>Hearing Date:  September 24, 2018<br>Hearing Time:  1:30 p.m.<br>Ctrm:  6A, in First Street Courthouse<br>Hon.  Philip S. Gutierrez |

**TABLE OF CONTENTS**

DESCRIPTION                                                                                                    PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.  INTRODUCTION ............................................................................................... 1

II. PROCEDURAL BACKGROUND .................................................................... 2

III. LEGAL STANDARD ......................................................................................... 3

    A.  Certification and Substitution Of The United States As Defendant For State Law Tort Claims Asserted Against A Federal Employee. ................... 3

    B.  Legal Standard For The Scope of Employment Under California Law. ........................................................................................................... 5

IV. ARGUMENT ....................................................................................................... 7

    A.  Agent Devine's Alleged Conduct Was Undertaken To Serve His Employer, The FBI, Not For His Own Personal Reasons. ........................... 7

    B.  Hobbs' Motion Does Not Submit Evidence Sufficient To Establish That Agent Devine Acted Purely For Personal Reasons, Rather Than To Serve His Employer. ...................................................................... 8

    C.  Hobbs' Allegation That FBI Special Agents Misrepresented That They Were His "Consultants" Does Not Establish That The Two FBI Agents Had Acted Outside The Scope Of Their Employment. .................... 8

V.  CONCLUSION .................................................................................................... 9

# TABLE OF AUTHORITIES

DESCRIPTION                                                                                       PAGE

Cases

Anthony v. Runyon,
    76 F.3d 210 (8th Cir. 1996) ...................................................................................4

Billings v. United States,
    57 F.3d 797 (9th Cir. 1995) ....................................................................................4

Brown v. Armstrong,
    949 F.2d 1007 (8th Cir. 1991) ................................................................................4

Cloonan v. Holder,
    602 F. Supp. 2d 25 (D. D.C. 2009) .........................................................................6

Flohr v. Mackovjak,
    84 F.3d 386 (11th Cir. 1991) ..................................................................................4

Green v. Hall,
    8 F.3d 695 (9th Cir. 1993) ...............................................................................3, 4

Gutierrez de Martinez v. Drug Enforcement Admin.,
    111 F.3d 1148 (4th Cir. 1997) ................................................................................5

John v. Oakland Unified Sch. Dist.,
    48 Cal. 3d 438 (1989) ............................................................................................5

Kelley v. Federal Bureau of Investigation,
    67 F. Supp. 3d 240 (D. D.C. 2014) .........................................................................6

Lockheed Aircraft Corp. v. Ind. Acc. Com.,
    28 Cal. 2d 756 (1946) ............................................................................................5

McAdams v. Reno,
    64 F.3d 1137 (8th Cir. 1995) ..............................................................................4, 5

McGuigan v. Nance,
    2010 WL 3835833 (D. Fla. Sept. 29, 2010) ...........................................................6

1   Osborn v. Haley,
2      549 U.S. 225 (2007)................................................................................4, 9
3   Pelletier v. Fed. Home Loan Bank of San Francisco,
4      968 F.2d 865 (9th Cir. 1992) ...................................................................6, 7
5   Salah v. Bush,
6      848 F.3d 880 (9th Cir. 2017) ........................................................................4
7   Sameena Inc. v. U.S. Air Force,
8      147 F.3d 1148 (9th Cir. 1998) .....................................................................6
9   Wilson v. Drake,
10      87 F.3d 1073 (9th Cir. 1996) ...................................................................4, 5

Statutes

28 U.S.C. §§ 1346...........................................................................................3
28 U.S.C. § 1346(b)(1)....................................................................................3
28 U.S.C. § 2679(b)(1)....................................................................................3
28 U.S.C. §2679(d)(1).....................................................................................3
28 U.S.C. § 2679(d)(2)....................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, the United States has exercised its right to be substituted as the defendant for Plaintiff Hobbs' California-law tort claims, which were originally pled against FBI Special Agent Randall Devine. [Dkt. No. 17]. Pursuant to the Attorney General's authorization, the Chief of the Civil Division of the U.S. Attorney's Office for the Central District of California, David M. Harris, certified that defendant Randall Devine was acting within the course and scope of employment by the United States at all times material to the incidents alleged in Hobbs' Complaint. Id. The Court granted the substitution of the United States for Hobbs' California-law tort claims by order dated July 5, 2018. [Dkt. No. 19]. The United States thus is now the defendant for the Complaint's two California-law tort claims: (1) malicious prosecution and (2) libel-slander-defamation. Agent Devine, by contrast, remains the defendant for Hobbs' two Constitutional tort claims (i.e. Bivens claims). The Defendants have moved to dismiss Hobbs' four claims in this action, and that motion is set for hearing on September 24, 2018. [Dkt. No. 21].

On July 11, 2018, however, Hobbs filed a motion to strike the certification and substitution of the United States as the defendant for his two California-law tort claims (the "Motion"). [Dkt. No. 20]. Hobbs argues that his Complaint alleges that Agent Devine engaged in unlawful conduct that was beyond the scope of his employment. But his perfunctory motion fails at every level to defeat the Attorney General's certification and the substitution of the United States as defendant for these two claims.

**First**, Hobbs' motion fails to meet his burden to submit *evidence* that would suffice to overturn the certification and substitution of the United States, instead relying on bare allegations and argument. **Second**, his motion is premised on the mistaken idea that alleging *wrongful or unlawful* conduct suffices to establish that an employee's conduct was outside the scope of their employment. Under California's respondeat superior law, the scope of employment issue is not decided by examining whether the

1

employee acted wrongfully, illegally, or without authorization, but rather by whether the employee's actions were motivated, at least in part, by intent to carry out their employer's business. Here, there is no dispute that the FBI employed Agent Devine to investigate Americans suspected of illegal sex with minors abroad. And whether wrongful or not, the conduct that the Complaint attributes to Agent Devine falls squarely within his efforts to further that task, rather than being undertaken *only* for his personal gain. **Third**, although Hobbs' motion should be denied on the basis of the Complaint's allegations and the Attorney General's certification alone, extrinsic evidence also refutes his allegation that Agent Devine engaged in unlawful conduct that was beyond the scope of his employment. Hobbs' public statements to the news media over the years refute his motion's arguments.

Accordingly, Hobbs' Motion to Strike should be denied, and the Defendants' pending Motion to Dismiss should be granted against all of Hobbs' claims.

## II.   PROCEDURAL BACKGROUND

Hobbs initially pursued this action as an FTCA case against the United States. Back in 2016, Hobbs alleges that "Plaintiff also commenced a Federal Tort Claims Act claim, commencing the administrative process." (Complaint ¶ 68). Hobbs alleges that he had received FBI documents in response to his FOIA request on April 21, 2016, June 21, 2016, and June 24, 2016, which is how he allegedly learned of Agent Devine's involvement in the RTP's prosecution. (Id. ¶ 69).

As tort compensation for his Thai arrest and prosecution, Hobbs *then* demanded money from the Department of Justice by a Standard Form 95 claim, dated May 21, 2016. Id. Hobbs submitted a revised SF 95 claim on May 27, 2017. Id. The DOJ denied Hobbs' administrative claim. Id.

Hobbs' Complaint argues that his filing of this prior administrative claim should toll the application of the statute of limitations, which bars his claims. In making that argument, Hobbs' Complaint explains that "Plaintiff will not be asserting a claim under the FTCA." (Complaint ¶ 68). Hobbs' decision not to pursue an FTCA case against the

United States reflects his current awareness that such claims cannot be brought for extraterritorial injury, as the Defendants' pending motion to dismiss explains. The jurisdictional provisions of Hobbs' Complaint, however, still purport to bring his claims under the FTCA-specific jurisdictional statutes, 28 U.S.C. § 1346(b)(1) and 2675, reflecting their provenance in Hobbs' earlier attempt to pursue an FTCA action against the United States. (Complaint ¶ 6). Section 1346(b)(1) provides jurisdiction for civil actions "on claims against the United States," not claims against private citizens. Section 2675 requires administration exhaustion of remedies (i.e., a denial of an SF 95 claim) prior to suing the United States for money damages under the FTCA.

## III. LEGAL STANDARD

### A. Certification and Substitution Of The United States As Defendant For State Law Tort Claims Asserted Against A Federal Employee.

In a civil action against a federal employee, the United States Attorney General may certify that the employee was acting in the scope of his employment at the time of the incident on which the claim is based. 28 U.S.C. § 2679(d)(2). Once certification is made, the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA"), more commonly known as the "Westfall Act," requires the substitution of the United States as the defendant. 28 U.S.C. § 2679(b)(1); see also Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993). "Under the terms of FELRTCA, the substitution of the United States leaves the plaintiff with a single avenue of recovery, the Federal Tort Claims Act ('FTCA'), 28 U.S.C. §§ 1346, 2671 et seq." Green, 8 F.3d at 698.

A plaintiff may attempt to challenge the Attorney General's certification decision. But there is a presumption in favor of upholding the Attorney General's certification decision. See 28 U.S.C. §2679(d)(1) ("Upon certification by the Attorney General . . . , any civil action [arising out of a government employee's official duties] shall be deemed an action against the United States . . ."); Green, 8 F.3d at 698. A party seeking to challenge the Attorney General's decision to certify that an employee was acting within

the scope of his employment bears the burden of adducing *evidence* that disproves the accuracy of the Attorney General's decision by a preponderance of the evidence. Id.

When a plaintiff challenges the Attorney General's scope of employment certification, "[t]he United States . . . must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." Osborn v. Haley, 549 U.S. 225, 231 (2007) (emphasis original); see also Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995) ("Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged."). In determining whether a United States employee acted within the scope of his office or employment, the court looks to the respondeat superior law of the state in which the alleged tort occurred—here, that is California law.[1] Id.

A disputed substitution may be resolved as a matter of law where the facts alleged in the plaintiff's complaint show that the employee acted in the scope of employment. See Salah v. Bush, 848 F.3d 880, 892 (9th Cir. 2017) (affirming substitution and the denial of evidentiary hearing); McAdams v. Reno, 64 F.3d 1137, 1145 (8th Cir. 1995) ("McAdams was entitled to object to the government's certification and to obtain judicial review of it … but she failed to come forward with sufficient evidence to undermine it. … McAdams' argument that the district court was required to hold an evidentiary hearing on the scope of employment issue is without merit."); Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991) (accord); Anthony v. Runyon, 76 F.3d 210, 215 (8th Cir. 1996) (accord); Flohr v. Mackovjak, 84 F.3d 386 (11th Cir. 1991)

---

[1] Plaintiffs may incorrectly argue that respondeat superior law should be applied more narrowly when—as here—the combination of a Westfall Act substitution and the statutory exceptions to the United States' liability under the FTCA combine to bar the Plaintiff's state-law tort claims entirely. The appellate courts have consistently held that argument to be erroneous, however. See Wilson v. Drake, 87 F.3d 1073, 1078 (9th Cir. 1996); Flohr v. Mackovjak, 84 F.3d 386, 391 n. 8 (11th Cir. 1991).

4

1  (applying California law, reversing district court's grant of motion to strike certification,
2  and finding that federal employee's alleged negligence fell within the scope of his
3  employment as a matter of law). Bare allegations do not carry the plaintiff's burden; the
4  plaintiff must affirmatively submit evidence that is sufficient to rebut the certification.
5  "If the plaintiff does not come forward with any evidence, the certification is conclusive.
6  Moreover, the plaintiff's submission must be specific evidence or the forecast of specific
7  evidence that contradicts the Attorney General's certification decision, not mere
8  conclusory allegations and speculation." Gutierrez de Martinez v. Drug Enforcement
9  Admin., 111 F.3d 1148, 1149 (4th Cir. 1997).

10       **B.    Legal Standard For The Scope of Employment Under California Law.**

11     California law has a 'broad' scope of employment doctrine, which means that the
12 United States may be substituted as the defendant pursuant to California's respondeat
13 superior law even where a federal employee is accused of intentional torts that violate
14 his employer's direct orders. See Wilson v. Drake, 87 F.3d 1073, 1076-77 (9th Cir.
15 1996). Accordingly, "[o]nly where an employee 'substantially departs from his duties for
16 purely personal reasons' will liability fail to attach." Id. (quoting John v. Oakland
17 Unified Sch. Dist., 48 Cal. 3d 438, 447 (1989)). By contrast, "where the employee is
18 combining his own business with that of his employer, or attending to both at
19 substantially the same time, no nice inquiry will be made as to which business he was
20 actually engaged in at the time of injury, unless it clearly appears that neither directly nor
21 indirectly could he have been serving his employer." Oakland Unified, 48 Cal. 3d at 447
22 (quoting Lockheed Aircraft Corp. v. Ind. Acc. Com., 28 Cal. 2d 756, 758-59 (1946)).

23     For law enforcement investigations, courts have consistently held that alleged
24 misconduct falls within the scope of employment so long as the investigator's alleged
25 misconduct is 'related' to their job of investigating potential criminal activity or
26 misconduct. See McAdams, supra, 64 F.3d at 1145 ("In this case, the record indicates
27 that Ross and Vanwey were investigators for the Bureau. Their jobs required them to
28 investigate allegations that McAdams was engaged in inappropriate conduct. … The

5

record contains no evidence that the conversation between Vanwey and Slavin or any of the other allegedly defamatory conversations were unrelated to the investigation into McAdams' conduct."). Thus substitution is appropriate when FBI agents allegedly make scandalous or fallacious statements in connection with their job duties. See Kelley v. Federal Bureau of Investigation, 67 F. Supp. 3d 240, 282–83 (D. D.C. 2014) ("plaintiffs' conclusory, undifferentiated allegations cannot rebut the presumption created by the certification because they relate to whether defendants defamed or published private facts about Mrs. Kelley, not to whether they did so while acting in the scope of their employment."); Cloonan v. Holder, 602 F. Supp. 2d 25, 34 (D. D.C. 2009) ("Cloonan's allegations in her opposition are not facts that rebut the certification but rather are conclusory assertions that Barnes' conduct must have been outside the scope of his employment because he both violated the Privacy Act and defamed her.").

The scope of employment test thus does not focus on the ultimate issue of whether the employee's conduct was *wrongful* (which would require finding the defendant liable before his defense even began), but rather on whether the employee had intended, at least in part, to carry out the employer's business, rather than acting purely for personal interest. See, e.g., Pelletier v. Fed. Home Loan Bank of San Francisco, 968 F.2d 865, 876-77 (9th Cir. 1992) ("Our conclusion holds even if subsequent communications were made with the intent to cause Pelletier distress. Under California law, vicarious liability attaches for intentional torts committed by an employee so long as the employee was motivated in part by an intent to serve the employer."); Sameena Inc. v. U.S. Air Force, 147 F.3d 1148, 1152 (9th Cir. 1998) (affirming substitution where defendants had allegedly debarred the plaintiffs because of racism, "[T]hus, even if the defendants' debarment decisions were based upon improper motives, the debarment was plainly within the scope of the defendants' employment."); McGuigan v. Nance, 2010 WL 3835833, *3-4 (D. Fla. Sept. 29, 2010) (accord).

.

6

## IV. ARGUMENT

### A. Agent Devine's Alleged Conduct Was Undertaken To Serve His Employer, The FBI, Not For His Own Personal Reasons.

Hobbs' motion incorrectly contends that Special Agent Devine was not acting in the scope of employment because his actions were allegedly "unlawful." Under California's respondeat superior law, whether Agent Devine supposedly broke various laws or rules does not determine his scope of employment. If the employee was even in part motivated by an intent to serve his employer, then he was acting within the scope of his employment. See, e.g., Pelletier, supra, 968 F.2d at 876-77 (9th Cir. 1992). Hobbs has not submitted any evidence that could overturn the Attorney General's certification on this point.

Hobbs' Complaint alleges that Agent Devine is "a federal agent employed by the Federal Bureau of Investigation of the United States of America[]." (Complaint ¶ 1). Hobbs claims that Agent Devine "was, at all times relevant to this Complaint, an agent employed by the FBI and committed the acts complained of herein." (Id. ¶ 2). The Complaint alleges that the Royal Thai Police ("RTP") prosecuted Hobbs "because of the relationship between Defendant RANDALL DEVINE (as a federal agent of the United States of America) and other defendants and the RTP." (Id. ¶ 15).

According to the Complaint, "Defendants, including Defendant RANDALL DEVINE, were investigating allegations of sexual relations with children in Thailand." (Id. ¶ 24). Furthermore, "the United States Department of Homeland Security, Homeland Security Investigations ("DHI ICE") was working with the Federal Bureau of Investigations in Thailand in October, 2013. Agents of DHI ICE were working with Defendants, including Defendant RANDALL DEVINE, on matters relating to international child sexual assault investigations." (Id. ¶ 30).

In short, the Complaint asserts that Agent Devine was assigned by the FBI to investigate the alleged sexual assault of children in Thailand. That was his job, not a personal interest that was unrelated to his employment.

7

B. **Hobbs' Motion Does Not Submit Evidence Sufficient To Establish That Agent Devine Acted Purely For Personal Reasons, Rather Than Attempting To Serve His Employer.**

Hobbs argues that Devine sought to have him prosecuted "to conceal Devine's practice of using minors of Thai descent to engage in relations with Americans who Devine suspected were sexually assaulting minors." (Motion at 3-4, citing Complaint ¶¶ 33, 34, 47, 50). Hobbs contends that Devine directed Thai minors to have sex with Americans because "Devine suspected [the Americans] were sexually assaulting minors." (Motion at 3-4). Hobbs further alleges that the Defendants "Promoted the use of media coverage to discourage other Americans from travelling overseas to assault children, in part by embarrassing and harassing Plaintiff, despite the untruthfulness of the allegations as to Plaintiff." (Complaint ¶ 57c).

Agent Devine's job as an FBI agent was to investigate people suspected of sexually assaulting minors. Discouraging the sexual assault of children is consistent with the FBI's mission. Hobbs' motion does not submit any evidence establishing that Devine's allegedly wrongful actions could not have been intended to serve, at least in part, his employer's interest.

C. **Hobbs' Allegation That FBI Special Agents Misrepresented That They Were His "Consultants" Does Not Establish That The Two FBI Agents Had Acted Outside The Scope Of Their Employment.**

Hobbs complains that his interrogation by Agent Devine and another FBI agent was broadcast on Thai television media: "Defendants invited the local media to view the arrest and the interrogation by Defendant Devine and others, of Plaintiff Hobbs and, as a result, his image was broadcasted across all Thai national television and other media." (Complaint ¶ 17). Yet Hobbs also alleges that these FBI agents claimed to just be "consultants" who were helping him, when in reality they were supporting the RTP prosecution. (Complaint ¶¶ 10, 41). Whether they claimed to be 'consultants' or not,

there is no evidence that the two FBI agents interrogated Hobbs for their own purely personal reasons.

To the contrary, Hobbs alleges that the FBI interrogation was done to "to advance their stated objective of publicity to discourage other Americans from travelling overseas to assault children, in part by embarrassing and harassing Plaintiff[]." (Complaint ¶ 57c). That end cannot be construed as a purely private purpose, even if Hobbs complains about the means that the defendants allegedly took to pursue it.

Ultimately, even if Hobbs' assertion that the two FBI agents somehow misled him as to their exact roles were true, that assertion would not suffice to establish that the FBI agents were not acting in the scope of their employment. "Upon certification, the action is 'deemed to be ... brought against the United States,' … unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." Osborn, supra, 549 U.S. at 900. No evidence suggests, much less establishes, that the two FBI agents (including Devine) had interrogated Hobbs for their purely private reasons, rather than to at least partially serve the FBI's broader interests.

## V. CONCLUSION

Accordingly, the Plaintiff's Motion to Strike should be denied.

Dated: September 4, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   /s/ *Daniel A. Beck*
DANIEL A. BECK
Assistant United States Attorney

Attorneys for Defendants Randall Devine
And the United States of America